**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hudson Insurance Company, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Simmons Construction, LLC, an Arizona limited liability company; SKS Investments & Developments, LLC, an Arizona limited liability company; Todd G. Simmons Revocable Trust; Todd G. Simmons and Jane Doe Simmons, Arizona individuals individually and as husband and wife,<br><br>Defendants. | No. CV-12-0407-PHX-DGC<br><br>**ORDER** |

Plaintiff Hudson Insurance Company has filed a motion for partial summary judgment seeking specific performance of the collateral security provisions of a November 9, 2010 General Indemnity Agreement with Defendants Simmons Construction and related entities. Doc. 26. Defendants have filed a Rule 56(d) motion requesting additional time for discovery before the court rules on the motion for partial summary judgment. Doc. 33. Plaintiff has filed a response to the Rule 56(d) motion. Doc. 34. Neither party has requested oral argument. For the reasons that follow, the Court will grant partial summary judgment and deny the Rule 56(d) motion.

**I.    Factual Background.**

Most of the relevant facts are not controverted. Plaintiff is a surety that entered into a General Indemnity Agreement ("GIA") on November 9, 2010. Doc. 27 at 2.

Defendants are the indemnitors. The GIA was issued as partial consideration for, and as a precondition to, Plaintiff's issuance of surety bonds on behalf of Defendants. *Id*. Plaintiff issued five bonds relating to five different construction projects. *Id.* at 2-3. The "Indemnity to Surety" section of the GIA provides that the indemnitors shall pay, upon demand:

> [a]ny amount sufficient to discharge any claim made against Surety on any bond, whether Surety will have made any payment or established any reserve therefore. Such payment to be in the amount deemed necessary by the Surety to protect it from any loss, cost or expense. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss, cost or expense on any Bond. The [Defendants] acknowledge[] that their failure to pay, immediately on demand by the Surety, constitutes a Default under this agreement and entitles the Surety to injunctive relief for specific enforcement of the foregoing provision.

Doc. 27-2 at 14. A later portion of the GIA provides that Defendants will "procure the discharge of Surety from any Bond and all liability by reason thereof, if such discharge is unattainable, the [Defendant] will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such Bonds or bonds, or make provisions acceptable to Surety[.]" *Id*. at 16.

In 2011, Plaintiff began to receive claims on the bonds issued on Defendants' behalf and began to accrue costs. Doc. 27 at 4. As of that time, Defendants had been declared to be in default on four of the five bonds and each of those four defaulted projects has made claims against Plaintiff. *Id.* Plaintiff has also been named in four lawsuits in connection with these bonds. *Id.* at 5. As a result of the claims, lawsuits, and associated legal expenses, Plaintiff has anticipated a loss of $3,900,000, and has set aside a loss reserve for that amount. *Id*. at 6. Plaintiff has also issued a collateral demand to Defendants pursuant to the terms of the GIA. Doc. 27-1 at 36. Defendants have not responded to the collateral demand.

On March 13, 2012, the Court issued an injunction prohibiting Defendants from "selling, transferring, wasting, encumbering, or otherwise disposing of their assets." Doc. 14. The Court denied Plaintiff's request to issue a TRO to compel collateralization,

but stated that Plaintiffs "may very well be entitled to specific performance under the Agreement at some point." *Id*. at 7.

## II.     Legal Standard.

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Analysis.

Defendant has filed a Rule 56(d) motion to delay summary judgment. Doc. 33. Such a motion should be granted if the movant shows "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Plaintiff argues that the GIA requires Defendants to provide collateral. In their Rule 56(d) motion, Defendants do not contest that interpretation of the GIA or its enforceability. Instead, Defendants argue that more information about the construction projects, to be obtained during discovery, will demonstrate that Defendants are not ultimately liable for the defaults and resulting damages. Doc. 33. Defendants claim that

this information will be relevant to whether Plaintiff is entitled to the posting of collateral and, if so, in what amount. *Id*. at 7.

Additional discovery regarding the merits of the claims against both Plaintiff and Defendants would provide more certainty about ultimate liability, but the terms in the GIA guarantee the Surety more than simple resolution of indemnity claims. Plaintiffs cite language in the GIA stating that Defendants specifically agreed to pay "an amount sufficient to discharge *any claim* made against Surety on any Bond, whether Surety will have made any payment or established any reserve therefore. Such payment to be in the amount *deemed necessary by the Surety* to protect it from any loss, cost or expense." Doc. 27-2 at 14 (emphasis added). The same section grants Plaintiff the power to hold demanded funds as collateral. *Id.*

In its motion, Plaintiff requests that Defendants "immediately provide collateral in the amount of $3,900,000 to cover Hudson's financial exposure under the Bonds." Doc. 26 at 2. Because Plaintiff requests collateralization rather than ultimate payment, its request is perhaps better characterized as invoking the sixth clause under the "General Provisions" heading in the GIA which contemplates the posting of collateral as security. Doc. 27-2 at 16. While the merits of the claims are relevant to the Surety's determination of the amount necessary to protect it against loss, both the indemnity and collateral sections of the GIA leave that determination to the Surety. *Id*. Neither section would permit Defendants to wait until the resolution of all claims before posting collateral. Therefore, the only remaining question is the enforceability of the GIA under Ninth Circuit law.

In the Ninth Circuit, "sureties are ordinarily entitled to specific performance of collateral security clauses" because "'[i]f a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced." *Safeco Ins. Co. of America v. Schwab*, 739 F.2d 431 (9th Cir. 1984) (quoting *Marine Midland Trust Co. v. Alleghany Corp.*, 28 F. Supp. 680, 683-84 (S.D.N.Y. 1939)); *see also Milwaukee Construction Co. v. Glens Falls Insurance Co.*, 367 F.2d 964 (9th Cir.

1966). With respect to posting collateral before the issue of ultimate indemnity has been fully litigated, the Ninth Circuit has held that

> equity generally implies a right to indemnification in favor of a surety only when the surety pays off a debt for which his principal is liable. However, resort to implied indemnity principles is improper when an express indemnification contract exists. "There can be no question but that a surety is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor and is not to be extended by implication or inference beyond the bare scope of its terms."

*Commercial Ins. Co. of Newark, N.J. v. Pacficic-Peru Constr. Corp.*, 558 F.2d 948, 953 (9th Cir. 1977) (quoting *Hackfeld and Co., Ltd. v. Medcalf*, 20 Haw. 47, 54 (1910)) (citations omitted).

Plaintiffs do not contest that a default has occurred. The GIA provides that "[a]n itemized statement of loss and expense incurred by Surety, sworn by an officer of the Surety, shall be prima facie evidence of the fact and extent of the liability of [Defendants] to Surety in any claim or suit by Surety against [Defendants]." *Id*. at 14. Plaintiff has provided such a statement. Doc. 27-1 at 36. Defendants have not responded. Under these circumstances the benefit of the collateral security to which Plaintiff is entitled can only be guaranteed through specific performance.

**III.  Conclusion.**

The Court finds that the GIA is enforceable under Ninth Circuit law and that Defendants are in breach of that agreement. Plaintiff has established a reserve of $3,900,000 and have deemed that same amount necessary to protect it from any loss, cost, or expense. Plaintiff need not wait until ultimate resolution of the indemnity claims to demand collateral, so long as that collateral is not dispersed until indemnifiable claims are determined and the remainder, if any, is returned to Defendants. Accordingly, the Court grants Plaintiffs motion for partial summary judgment.

**IT IS ORDERED:**

1. Defendant's Rule 59(d) motion (Doc. 33) is **denied.**

2. Plaintiffs motion for partial summary judgment (Doc. 26) is

**granted**.

3. Defendants are **ordered** to provide Plaintiff collateral in the amount of $3,900,000 to cover Plaintiff's financial exposure under the bonds. Plaintiff shall not disperse of the demanded funds until further order of the Court.

Dated this 2nd day of November, 2012.

_____
David G. Campbell
United States District Judge