**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hudson Insurance Co., | No. CV-12-407-PHX-SMM |
| Plaintiff, | |
| v. | **MEMORANDUM OF DECISION AND ORDER** |
| Simmons Construction, LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Hudson Insurance Company's ("Hudson") motion for summary judgment, supported by its statement of facts and accompanying exhibits. (Docs. 65, 66.) There is no response. The Court will exercise its discretion, grant Hudson's motion, and order judgment.

## FACTUAL BACKGROUND

Hudson filed this action seeking the deposit of collateral security and an award of indemnity from Defendants pursuant to the terms of a written General Indemnity Agreement ("GIA"). The GIA was issued as partial consideration for, and as a precondition to Hudson's issuance of surety bonds on behalf of Defendants. (Doc. 37.) Hudson issued five bonds relating to five different construction projects that were being undertaken by Defendants. (Id.) Subsequently, Hudson began to receive claims on the bonds. (Id.) Pursuant to the "Indemnity to Surety" provision of the GIA, Defendants agreed to indemnify Hudson against all loss, costs and expenses of whatsoever kind of nature, and to pay to Hudson, upon demand, a sufficient amount to protect Hudson against any potential loss, cost or expenses.

1  (Doc. 66-1 at 8-16.)  As a result of the claims, lawsuits, and associated legal expenses,
2  Hudson anticipated a loss of $3,900,000, and set aside a loss reserve for that amount.  (Doc.
3  37.)

4      In this action, Hudson first moved for partial summary judgment requesting an order
5  of specific performance that would require Defendants to provide it with $3,900,000 in
6  collateral security to cover Hudson's exposure under the bonds.  (Doc. 26.)  The Court
7  granted Hudson's motion.  (Doc. 37.)  However, Defendants failed to deposit any collateral
8  with Hudson.

9      Hudson now moves for summary judgment.  (Docs. 65, 66.)  In a sworn itemized
10 statement, Hudson submits that its losses and expenses now total $4,516,191.18.  (Doc. 66-1
11 at 2-6, 18-38.)  Under the GIA, Defendants agreed that "[a]n itemized statement of loss and
12 expense incurred by Surety, sworn by an officer of the Surety, shall be prima facie evidence
13 of the fact and extent of the liability of [Defendants] to Surety in any claim or suit by Surety
14 against [Defendants]." (Doc. 66-1 at 9.)

15                    **PROCEDURAL BACKGROUND**

16     Initially, each of the Defendants was represented by counsel. However, subsequently,
17 the Court granted a motion to withdraw filed by Defendants' attorney. (Doc. 52.) The Court
18 further directed Simmons Construction, SKS Investments, and the Simmons Trust (the
19 "Entity Defendants") to retain new counsel. (Id.)  The Entity Defendants did not retain new
20 counsel and Hudson moved to strike the answer of the Entity Defendants.  (Doc. 63.)  The
21 Court held a status hearing and issued a Minute Entry.  (Doc. 64.)  The Court granted
22 Hudson's motion to strike as to Entity Defendants Simmons Construction and SKS
23 Investments, but withheld a ruling to the Simmons Trust in abeyance, allowing it additional
24 time to retain counsel. (Id.)  The Simmons Trust did not retain new counsel and the extended
25 deadline to do so expired.  The Court then granted Hudson's motion to strike the answer of
26 the Simmons Trust.  (Doc. 67.)

27                         **DISCUSSION**

28     A federal court sitting in diversity applies state substantive law. See Hambleton Bros.

Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1227 (9th Cir. 2005). Thus, this Court applies Arizona law to the interpretation of the contract at issue. See Benevides v. Arizona Prop. & Cas. Ins. Guar. Fund, 184 Ariz. 610, 613, 911 P.2d 616, 619 (App. 1995). The Entity Defendants are unrepresented, are in default, and do not have the capacity to respond to Hudson's motion. See United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (artificial entities may only appear in federal court through licensed counsel); In re Shattuck, 411 B.R. 378 (10th Cir. 2009) (the rule barring artificial entities from appearing in federal court except through licensed counsel applies equally to trusts). Todd Simmons, appearing individually and proceeding *pro se*, has failed to respond to Hudson's motion.

The Local Civil Rules for the United States District Court for the District of Arizona, Rule 7.2(i), provide that a party's failure to respond to a motion for summary judgment may, in the Court's discretion, be deemed a consent to the Court's granting of judgment in favor of the movant. On more than one occasion, the Court warned Mr. Simmons about his responsibilities in proceeding *pro se* and its consequences if he failed to respond. When the Court has warned the non-moving party that their failure to respond shall constitute a consent to the granting of the motion, the Court may properly exercise its discretion to grant the motion for judgment as a matter of law based on the non-moving party's construed consent. See Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (further quotation and citation omitted).

Hudson has amply demonstrated that it is entitled to summary judgment for breach of the express indemnity contract entered into between the parties. An express indemnity agreement executed between a surety and its indemnitors is to be strictly enforced. See Commercial Ins. Co. of Newark, N.J. v. Pacficic-Peru Constr. Corp., 558 F.2d 948, 953 (9th Cir. 1977); see also J.D. Halstead Lumber Co. v. Hartford Accident and Indemnity, 38 Ariz. 228, 237, 298 P. 925, 928 (1931). As noted above, the terms of the GIA are quite extensive and require the Defendants, jointly and severally, to indemnify and hold harmless Hudson against "All loss, costs and expenses of whatsoever kind of nature" arising out of Hudson's

1    issuance of the Bonds on behalf of the Defendants.  (Doc. 66-1 at 8-9.)  As a result of

2    Simmons' Construction's default on the bonded projects and failure to pay its subcontractors

3    and suppliers, Hudson incurred substantial losses by virtue of having issued the Bonds.

4    (Doc. 37.) The Court further finds that Hudson has complied with the requirement to provide

5    a sworn itemized statement of loss and expense.  Such itemization show the loss to be in the

6    amount of $4,516,191.18.  (Doc. 66-1 at 2-6, 18-38.)  Hudson is entitled to judgment for this

7    amount.

8         In diversity actions, post-judgment interest is governed by federal law. 28 U.S.C. §

9    1961; Citicorp Real Estate v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998). Under section

10   1961, post-judgment interest is calculated from the date of entry of judgment "at a rate equal

11   to the weekly average 1–year constant maturity Treasury yield, as published by the Board

12   of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C.

13   § 1961(a).

14        Accordingly, on the basis of the foregoing,

15        **IT IS HEREBY ORDERED GRANTING** Plaintiff's motion for summary judgment.

16   (Doc. 65.)

17        **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment

18   in favor of Plaintiff and against Defendants, jointly and severally, Simmons Construction

19   LLC, SKS Investments & Developments LLC, Todd G. Simmons Revocable Trust, and Todd

20   G. Simmons and Jane Doe Simmons, individually and as husband and wife, in the amount

21   of $4,516,191.18, which shall earn post-judgment interest at the applicable federal rate from

22   the date of entry of judgment until paid in full.  The Clerk of Court is further directed to

23   terminate this case.

24        DATED this 5th day of May, 2014.

25

26

27                                    Stephen M. McNamee
                                  Senior United States District Judge
28

- 4 -